LAW OFFICES

SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.

1300 WASHINGTON SQUARE
100 WASHINGTON AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55401
TELEPHONE (612) 337-6100
FACSIMILE (612) 339-6591
E-MAIL ADDRESS: woodfoster@SBGDF.com

JOSIAH E. BRILL, JR.
JAMES R. GREUPNER
GERALD S. DUFFY
WOOD R. FOSTER, JR.
THOMAS H. GOODMAN
JOHN S. WATSON
WM. CHRISTOPHER PENWELL
ANTHONY J. GLEEKEL
SHERRI L. ROHLF
JORDAN M. LEWIS*
BRIAN E. WEISBERG
STEVEN J. WEINTRAUT
M. GREGORY SIMPSON
JAMES A. YAROSH

MICHAEL J. VIOLA
JERRIE M. HAYES
MARK THIEROFF
BREANNA L. YOUNG

*1845 WALNUT STREET
24TH FLOOR
PHILADELPHIA, PA 19103
(215) 814-0322
FAX (215) 814-0323

June 8, 2005

20370-FL-003

Ms. Cherylann Leaver
[redacted]
Cranston, RI 02921

**Re: Rhode Island Blue Cross Class Action Settlement**

Dear Ms. Leaver:

I am one of the attorneys representing the class in the Rhode Island Blue Cross settlement. I have your May 18, 2005 objection (postmarked June 4, 2005), and the purpose of this letter is to respond personally to you concerning the issues you raised. I will later be responding in a court filing as well, and I will send you a copy of that document.

It appears to me that you are not so much objecting to the settlement as a whole as to the settlement *as it affects you*.

I checked the records from which distributions will be made, and I did find your name and address. Unfortunately, you may have misread the "personalized notice" that you received. Your actual anticipated distribution is $10.29, which is (as explained in the Notice) a 44% pro rata share of your "Category 2" damages of $23.20.

Your primary concern seems to relate to your ex-husband, Frederick W. Silva, who you believe will be receive refunds that were really attributable to monies that you, not Mr. Silva, paid.

Unhappily, neither I nor the attorneys for Blue Cross are in a position to give you much comfort about this. Under the Plan of Distribution, we have no choice but to distribute to the person who was the primary subscriber on the policy. We cannot possibly know which family member actually paid the bills, and must treat everyone equally.

In addition, privacy laws prevent me from disclosing to you anything about a possible distribution to Frederick Silva. If Mr. Silva will sign an authorization that specifically authorizes me to disclose to you any distribution to which he might be entitled, I will be happy to do so. If he

is not willing to do so, your only recourse is to consult with your divorce attorney to see whether the divorce court will do anything to help you in this regard. I would be happy to speak to your attorney if he or she gives me a call.

As an objector, you have the right to attend the Fairness Hearing in this case on July 17 in the federal courthouse in Providence. If you do, you can ask the judges in this case to require that we disclose information to you concerning any possible distribution to Frederick Silva, or to hold up any payment to Frederick W. Silva for a period of time necessary for you to get an order of the family court.

Needless to say, all of this is fairly complicated, and I cannot advise you one way or the other as to whether you should take any of these steps. The message I am primarily trying to give to you is that I cannot unilaterally help you here; only the family court judge or the presiding judges in this class action can help you get the information you want.

Very truly yours,

Wood R. Foster, Jr.

WRF/hsf