LAW OFFICES

SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.

1300 WASHINGTON SQUARE
100 WASHINGTON AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55401
TELEPHONE (612) 337-6100
FACSIMILE (612) 339-6591
E-MAIL ADDRESS: woodfoster@SBGDF.com

JOSIAH E. BRILL, JR.
JAMES R. GREUPNER
GERALD S. DUFFY
WOOD R. FOSTER, JR.
THOMAS H. GOODMAN
JOHN S. WATSON
WM. CHRISTOPHER PENWELL
ANTHONY J. GLEEKEL
SHERRI L. ROHLF
JORDAN M. LEWIS*
BRIAN E. WEISBERG
STEVEN J. WEINTRAUT
M. GREGORY SIMPSON
JAMES A. YAROSH

MICHAEL J. VIOLA
JERRIE M. HAYES
MARK THIEROFF
BREANNA L. YOUNG

*1845 WALNUT STREET
24TH FLOOR
PHILADELPHIA, PA 19103
(215) 814-9322
FAX (215) 814-9323

June 20, 2005

20370-FL-003

Ms. Mary Cipriano
[redacted]
Pawtucket, RI 02860

**Re: Your Objection to Class Action Settlement**

Dear Ms. Cipriano:

We have received your June 15 objection to the class action settlement.

While we will treat this as an objection, and will address it in a brief to the Court (a copy of which will be sent to you), I am writing to suggest to you that it might make sense for you to withdraw the objection for a couple of reasons.

First, while a portion of the class action settlement does involve copayments on drugs (as well as other services), the program that is the subject of the lawsuit is "SCRIP," a prescription drug coverage program that had been replaced completely by 2004, which is when your dispute with Rhode Island Blue appears to have begun. Most of the SCRIP claims included in the settlement are for the years 1990-1994.

Second, the *nature* of the claims concerning drug copayment that were the subject of this class action settlement had to do with specific language in the SCRIP subscriber contract (used in the early 1990s) that does not relate to the problems described in the correspondence attached to your objection.

I would like to take the liberty of suggesting that you call my co-counsel, Peter Wasylyk (tel. 401-486-6895), a Providence attorney, to describe your situation in more detail to him. He might be able to help you with your specific complaint, and I am hopeful that he can explain to you why your dispute with Rhode Island Blue Cross is not really an "objection" to the class action settlement as a whole. He will also explain that your claims are of a type that are not released by this settlement.

In any event, if you wish to be heard on your objection, please refer to the Notice for the time and location of the Fairness Hearing in this case, which will be held at the United States Courthouse in Providence on Friday, July 15.

Very truly yours,

Wood R. Foster, Jr.

WRF/hsf

cc: Peter Wasylyk (via facsimile, w/enclosures)
Melissa Darigan (via facsimile)

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

Dariusz Dziadkiewicz and Carl G. Durden, on behalf of themselves, persons claiming under their health plans, and all persons similarly situated,

Plaintiffs,

vs.

Blue Cross & Blue Shield of Rhode Island,

Defendant.

C.A. NO. 96-275S

STATE OF RHODE ISLAND

PROVIDENCE, S.C.

SUPERIOR COURT

Kerrigan Hanoian, Joseph Triangolo, and Terrence J. Kane, on behalf of themselves, persons claiming under their health plans, and all persons similarly situated,

Plaintiffs,

v.

Blue Cross & Blue Shield of Rhode Island,

Defendant.

CASE NO. 96-2579

# AFFIDAVIT OF MATTHEW S. DUFFY

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Matthew S. Duffy, being first duly sworn on oath, deposes and states as follows:

1. I am a legal assistant with the law firm of Siegel, Brill, Greupner, Duffy & Foster, P.A. Among my duties has been the responsibility for answering and/or returning calls coming into the firm's toll-free line in connection with this and other class actions and tracking caller information.

2. From the time calls were first received until the present, I (and colleagues who have occasionally substituted for me) have fielded approximately 500 calls on the toll-free line. At the request of Mr. Foster, I have divided these calls into the following groups, each of which reflects the approximate number of calls received on that topic:

a. Change of address: 140 calls

b. Request for printed material: 132 calls

c. Requests for general information about the settlement: 300 calls

d. Other: 20 calls

3. Change of address information given to us by telephone was entered into a spreadsheet and will be added to the change of address information coming through the settlement website, www.RIBlueCrossSettlement.com.

4. To the best of my knowledge, everyone who asked for printed information was sent that information.

5. Examples of the inquiries of persons calling for general information include asking about the amount of reimbursement they will receive, how the reimbursement amounts were calculated and what the lawsuit is about.

6. In the "Other" category included calls from callers that had other concerns or information about Blue Cross/Blue Shield and wanted to discuss those with an attorney. All of those callers were referred to Mr. Peter Wasylyk, one of the class counsel.

7. In my judgment, none of the callers called for the purpose of registering an objection to the settlement itself. I was periodically questioned by Mr. Foster as to whether objections were coming across the toll-free line, to which I regularly replied that they were not.

FURTHER AFFIANT SAITH NAUGHT

Matthew S. Duffy

Subscribed and sworn to before me
this 30th day of June, 2005.

Mary K. Flahavan
Notary Public

37-HSF-6/30/05-20370\002

MARY K. FLAHAVAN
Notary Public-Minnesota
My Commission Expires Jan 31, 2010