UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Dariusz Dziadkiewicz and Carl G. Durden, on behalf of themselves, persons claiming under their health plans, and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Blue Cross & Blue Shield of Rhode Island,<br><br>Defendant. | C.A. NO. 96-275S |

| | |
|---|---|
| STATE OF RHODE ISLAND<br><br>PROVIDENCE, S.C. | SUPERIOR COURT |
| Kerrigan Hanoian, Joseph Triangolo, and Terrence J. Kane, on behalf of themselves, persons claiming under their health plans, and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Blue Cross & Blue Shield of Rhode Island,<br><br>Defendant. | CASE NO. 96-2579 |

# Affidavit of Wood R. Foster, Jr.
# In Support of Fee Application

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Wood R. Foster, Jr., being first duly sworn, on oath deposes and states as follows:

1. I am one of the attorneys for plaintiffs in the captioned matter, and have acted as de facto lead counsel for the class.

**Lodestar Time**

2. I have examined the time and cost records of this firm, which are kept daily by computerized timekeeping system. Through May 31, 2005, the records reflect 5,536 hours of otherwise billable time having a "lodestar" value (calculated at current hourly rates) of $1,714,738.00. *Excluded* from this time is the time of legal assistant Matthew Duffy, whose time is separately compensable as a settlement administration expense, and will be compensated directly from the settlement fund under the Stipulation of Settlement.[1]

3. It is my belief that I personally will expend approximately 100 additional hours on this matter, and that the lead paralegal on this case will also spend 75-150 hours in connection with management of the settlement, as we are managing this in-house to save expense to the class. These paralegal hours are not part of the settlement administration costs that are directly compensable from the settlement fund.[2] Accordingly, I believe it is appropriate to consider these additional hours as a part of the basis for the percentage fee request, which increases the total "lodestar" for this firm by between $50,000 and $60,000. For purposes of this fee application, therefore, I believe my firm's lodestar is $1.765 million.

[1] To date, Mr. Duffy has recorded 119.5 hours at an hourly rate of $95 per hour.
[2] Only Mr. Duffy's time is thus compensable.

4. Rhode Island attorney Peter Wasylyk reports that he has expended 4,012.15 hours of time having a reasonable value of $275 per hour in connection with this litigation. This results in a "lodestar" of $1,103,341. It is noteworthy that 30% of Mr. Wasylyk's time was expended in 1995 and 1996 in connection with the extensive investigation he made of the claims that were being brought to him by clients, and, in determining the feasibility of litigation, and in locating experienced class counsel. Fully two-thirds of Mr. Wasylyk's total time was committed in years prior to the year 2000. His time declined considerably thereafter, though Mr. Wasylyk attended nearly every deposition and every court appearance in the case. I estimate that Mr. Wasylyk will also spend an additional 50-100 hours in connection with settlement administration, because his telephone number is included in the letter that will accompany the distribution checks. This future time will increase Mr. Wasylyk's lodestar by roughly approximately $25,000, to a total of approximately $1.128 million.

5. Amato DeLuca of DeLuca and Weizenbaum reports to me that his firm has expended 843 hours of time in its role as local litigation counsel. The applicable hourly rates applied to this time, based on the hourly rates prevailing for complex civil litigation in Providence, are $400 per hour for Mr. DeLuca, $350 for Ms. Weizenbaum, and $300 for Michael Eskey. As a result, the DeLuca firm's "lodestar" is $317,100. Because there will be additional work performed by the DeLuca firm in post-approval wrap-up, the firm's lodestar for purposes of this fee application is estimated at $330,000.

6. At current hourly rates, therefore, the combined lodestar time value of class counsel, *including the estimated future time*, is as follows:

| | |
|---|---|
| Siegel, Brill Firm: | $1.765 million |
| Peter Wasylyk, Esq. | 1.128 million |
| DeLuca Firm: | .330 million |
| Total: | $3.223 million |

**Costs**

7. My firm has advanced expenses totaling $378,499.33. Mr. Wasylyk has advanced expenses of $26,517 in furtherance of the present case. The DeLuca firm has advanced $16,290. A detailed breakout of these expenses is available upon request. The following chart provides the Courts with an idea of how the costs were incurred:

| | **Siegel Brill Law Firm** | **DeLuca & Weizenbaum** | **Peter N. Wasylyk** | **Total** |
|---|---|---|---|---|
| Internal copy and fax | $28,037 | $600 | $11,590 | $40,227.00 |
| External printing, copying, binding | 9,466 | 6,128 | 0 | 15,594 |
| Long distance telephone | 536 | 46 | 8,959 | 9,541 |
| Messenger/courier/ overnight | 3,928 | 1,753 | 1,428 | 7,109 |
| Electronic research | 10,534 | 184 | 2,173 | 12,891 |
| Expert witness fees and data conversion | 238,978 | 0 | 0 | 238,978 |
| Mediation fees | 6,277 | 0 | 0 | 6,277 |
| Travel, lodging and parking | 63,481 | 75 | 2,367 | 65,923 |
| Filing and related fees | 116 | 1,543 | 0 | 1,659 |
| Deposition expense (not including travel) | 9,325 | 5,112 | 0 | 14,437 |
| Miscellaneous | 7,821 | 849 | 0 | 8,670 |
| | $378,499 | $16,290 | $26,517 | **$421,306** |

**Interest on Settlement Fund**

8. A total of $17,250,000 was placed in interest-bearing treasury investments after I received the settlement amount. Of the remainder, $50,000 was placed in a separate account (per terms of Plan of Distribution) to segregate the charitable donation fund. The remaining $200,000 was kept in a dedicated settlement checking account, some of which has been used to pay for the costs of notice to class members (see ¶9). As a result of the very low interest rates currently available, a total of only $160,000 will have been earned on the invested settlement fund as of approximately August 8, 2005. Interest will continue to accrue until checks are actually cashed by

class members, but the interest rate during that period is expected to be no more than two percent. Accordingly, I estimate that a total of $200,000 of interest will be accumulated over the life of the settlement fund.

**Expenses Taken from Settlement Fund to Date**

9. A total of $88,293 has been drawn directly from the settlement fund to pay for notice to class members. This consists of $62,286 to the company that printed and mailed the 216,000 notices, 116,000 of which were personalized, and $26,007 for publication of summary notice in numerous Rhode Island newspapers. I believe that by subcontracting the mailing directly, we achieved significant savings. My experience with professional settlement administrators suggests a much higher cost would have been incurred if we had hired such a service.

10. I have contracted with a subsidiary of U.S. Bank for the preparation and mailing of first-round distribution checks to 116,000 class members, together with ancillary services. The rate that will be paid for this service amounts to slightly less than 90¢ per check, a price that once again is significantly lower than comparable prices offered by professional settlement administrators. It is fair to estimate that the mailing of the first round of checks will cost no more than $110,000. If 75% of the 56,000 persons entitled to file a claim for a second distribution (which would amount to approximately 42,000 class members), the second round of mailing can be expected to cost not more than $38,000.

11. Based on the foregoing estimates, together with amounts already expended relative to settlement administration, I believe it is fair to estimate that the total expenses to date ***plus*** total anticipated expenses until completion will not exceed a total of $700,000. It is my belief that this case could not have been managed from inception, litigated for nine years, settled, and distributed to over 150,000 recipients, and the settlement administered, for less than this amount, and that

efficiencies introduced by class counsel have kept these significantly lower than they would have been but for these efficiencies. *Total expenses will be less than 4% of total recovery.*

**Costs Relating to Toll-Free Line**

12. Under the Stipulation of Settlement, costs incurred (including the cost of employed paralegals at a rate not to exceed $95 per hour) may be reimbursed from the settlement fund. Based on time expended to date, I estimate that the total reimbursement to my law firm for this service (all of which is being operated from this firm) will not exceed $25,000, and will probably be less than $20,000. The time involved in this aspect of the work has *not* been included in the lodestar calculations described elsewhere in this affidavit.

FURTHER AFFIANT SAITH NAUGHT

Wood R. Foster, Jr.

Subscribed and sworn to before me this
1St day of July, 2005

Heidi S. Furlong
Notary Public

37-HSF-7/1/05-20370/002

HEIDI S. FURLONG
Notary Public-Minnesota