# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**_Important:_**
***You can download a large-print version of this Notice at the settlement website, www.RIBlueCrossSettlement.com. You may request a mailed large-print version by calling 1-888-337-5906.***
**Aviso: Este es un documento legal. Es importante que ud. lo traduzca. Se puede encontrar este documento en espanol en el internet (www.RIBlueCrossSettlement.com).**

## INTRODUCTION

**Read this Notice carefully. It is an explanation of a proposed class action settlement against Blue Cross & Blue Shield of Rhode Island ("RI Blue Cross"). THIS SETTLEMENT WILL NOT RESULT IN A CASH DISTRIBUTION TO YOU, BUT IT WILL RESULT IN CASH DISTRIBUTIONS TO OTHERS.**

**In summary, this Notice describes a $17.5 million settlement of class action claims against RI Blue Cross. It also explains your legal rights and options in the settlement and provides answers to questions you may have about the proposed settlement and how the damages and proposed payments were calculated.**

**You have received this Notice because you are one of about 180,000 present and former RI Blue Cross subscribers who will NOT receive a distribution from this settlement. Approximately 116,000 other present and former subscribers *will* receive Initial Distributions ranging from $10 to $1,500. The average payment to Class Members who receive cash distributions will be approximately $93.**

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| IF YOU WANT TO OBJECT TO THE SETTLEMENT, YOU MUST DO SO BEFORE FRIDAY, JUNE 17, 2005. | You have the right to object to the settlement terms if you feel they are not fair. You may do this in writing, as long as you do it by the deadline. *If you object, and the settlement is approved anyway, you will still be bound by the settlement.* **See question 3, below for instructions on how to object.** |
| IF YOU WANT TO ATTEND A HEARING ON THE FAIRNESS OF THE SETTLEMENT, YOU MAY DO SO ON FRIDAY, JULY 15, 2005 AT 10 A.M. AT COURTROOM 2, UNITED STATES COURTHOUSE, ONE EXCHANGE TERRACE, PROVIDENCE, RI. | A Fairness Hearing will be held by the two presiding judges for this case. They will make a final decision as to whether this settlement is fair to the Class Members. If you wish, you may ask questions or object to the settlement at that time. **See question 4, below for the time and place of the Fairness Hearing.** |
| IF YOU DO NOTHING, AND THE SETTLEMENT IS APPROVED, YOUR CLAIMS AGAINST RI BLUE CROSS WILL BE RELEASED. | Though you will receive no cash benefit from this settlement, you are a "Class Member" in this settlement, and any further rights you may have against RI Blue Cross with respect to the claims asserted in these lawsuits will be extinguished by this settlement, if it is approved at the Fairness Hearing described above. |

## A BASIC QUESTION

### 1. Why will I receive no distribution from this settlement? How does it benefit me?

In total, approximately 297,000 present and former RI Blue Cross subscribers (collectively, "Class Members") experienced *some* amount of damage under the theories advanced by the plaintiffs in this case. After adjustments for Litigation Risk, adjusted damage amounts range from $0.02 for some Class Members all the way up to thousands of dollars for others. ***The vast majority of Class Members, including you, experienced adjusted damages of less than $20. The average adjusted damage amount in this group of 180,000 members is about $5.35.***

The Plan of Distribution in this case, recognizing the high cost of preparing and mailing checks to many tens of thousands of people for relatively small amounts of money, establishes a "floor" of $20 in adjusted damages before any cash distribution will be made. This is common in class action distribution plans.

Despite the fact that you will receive no cash distribution, any claims you have (of the types asserted in these lawsuits) against RI Blue Cross will be released by this settlement. What you will receive in return is injunctive relief (an Order by the Courts directing RI Blue Cross to do certain things) that prevents RI Blue Cross from repeating some of the practices (most of which were terminated by RI Blue Cross before this settlement occurred) that gave rise to the plaintiffs' claims in the first place.

As well, in recognition of the fact that you and many other Class Members will receive no cash benefit from this settlement, a portion of the Settlement Fund (not less than $50,000 or more than $250,000) will be donated to health-related Rhode Island charities, including the Rhode Island Free Clinic and Rhode Island Community Health Centers.

***The details of the Plan of Distribution, the manner in which damages were calculated and adjusted, and other information too detailed to include in this notice can be found at www.RIBlueCrossSettlement.com. If you do not have access to the internet, you may get a printout of the Plan of Distribution and the "Q&A" relating to it by calling 1-888-337-5906.***

## QUESTIONS AND ANSWERS ABOUT THE PROPOSED SETTLEMENT

### 2. Why did I get this Notice?

This Notice is about the settlement of two lawsuits begun in 1996 that challenge certain practices employed by RI Blue Cross, primarily during the 1990s, and primarily affecting the following RI Blue Cross plans and policies: HealthMate (including HealthMate 2000 and other varieties); SCRIP; Preferred Rx; and Classic Blue (Major Medical coverage only). The Courts ordered that you be sent this Notice because Class Counsel believe that you are a Class Member, and you have a right to know about your options before the Courts decide whether to approve the settlement. This Notice explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The Courts in charge of the cases are the United States District Court for the District of Rhode Island, which presides over the case named *Dariusz Dziadkiewicz and Carl G. Durden v. Blue Cross & Blue Shield of Rhode Island*, Case No. 96-275S (the "Federal Case") and the Superior Court for Providence County, which presides over the case named *Kerrigan Hanoian, Joseph Triangolo, and Terrence J. Kane v. Blue Cross & Blue Shield of Rhode Island*, Case No. PB96-2579 (the "State Case").

### 3. How do I file an objection if I don't like the settlement?

If you're a Class Member, you may object to the settlement if you don't like all or any part of it. To object, you must send a letter stating that you object to the *Blue Cross Class Action Settlement*. Your letter should give the reasons why you think the Courts should not approve

the settlement. The Courts will consider your views. If you wish to object, you must mail your objection and any supporting documents to each of the attorneys and court clerks listed below no later than June 17, 2005. Objections received after the deadline might not be considered by the Courts. *On the copies sent to the Clerks of Court, you must refer to the Case No. shown below their addresses.*

| | | | |
|---|---|---|---|
| Wood R. Foster, Jr.<br>Siegel, Brill, Greupner, Duffy Foster, P.A.<br>1300 Washington Square<br>100 Washington Avenue South<br>Minneapolis, MN 55401 | Melissa E. Darigan<br>Partridge Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903-7120 | Court Administrator<br>United States District Court<br>One Exchange Terrace<br>Providence, RI 02903<br>**Case No. 96-275S** | Clerk of Court<br>Providence County Superior Court<br>250 Benefit Street<br>Providence, RI 02903<br>**Case No. PB96-2579** |

## 4. When and where will the Courts decide whether to approve the settlement?

The Courts will hold a Fairness Hearing at 10 a.m. on Friday, July 15, 2005, at the Courtroom of Judge William Smith, Courtroom 2, United States District Court, United States Courthouse, One Exchange Terrace, Providence, RI 02903. At this hearing, the Courts will consider whether the settlement is fair, reasonable and adequate. *You are not required to attend the hearing, but may do so if you wish.* If you wish to speak, you will be allowed to do so. If there are objections, the Courts will consider them. Judges Smith and Silverstein will listen to people who ask to speak at the hearing. The judges will also decide whether to pay Class Counsel and the Class Representatives and Class Members the amounts they are requesting. After the hearing, the Courts will decide whether to approve the settlement.

## ADDITIONAL BACKGROUND QUESTIONS AND ANSWERS

## 5. What is a class action?

In a class action, one or more plaintiffs ("**Class Representatives**") sue on behalf of people who have similar claims ("**Class Members**"). One court resolves the issues for all Class Members. This settlement involves two cases – the Federal Case and the State Case – but for all practical purposes, the Courts are treating this as a single case. The judge in the Federal Case is William E. Smith, whose chambers are in Providence; the judge in the State Case is Michael A. Silverstein, whose chambers are also in Providence. Since 2003, the two cases have been consolidated for most purposes, and this settlement will be treated by the Courts as though it involves a single case only.

## 6. What are these lawsuits about?

The lawsuits primarily challenge four things ("Claim Types"): (1) the manner in which percentage coinsurance (often called "copay") was calculated during the 1990s for certain services under HealthMate coverage; (2) the manner in which percentage coinsurance was calculated during the 1990s for prescription drugs under SCRIP and Preferred Rx coverage before 1998; (3) the way RI Blue Cross identified providers who "participated" with the "Major Medical" portions of Classic Blue coverage for services such as office visits; and (4) the manner in which certain Classic Blue "Major Medical" claims – mostly for routine office visits – were denied in the early 1990s. RI Blue Cross does not admit to any wrongdoing or any violation of any law or contract provision with respect to any of the allegations in the Federal Case and the State Case.

## 7. Why is there a settlement?

The Courts did not decide in favor of either side. Instead, both sides agreed to a compromise settlement. That way, they avoid the cost of trial, and many of the people affected will get a cash payment. None of the allegations against RI Blue Cross are admitted, and the settlement cannot be considered an admission of wrongdoing by RI Blue Cross. The settlement was worked out at arms-length between attorneys for both sides after many years of litigation. The attorneys for the Class believe this is the best settlement available, and that it is preferable to taking the matter through trials and the lengthy appeals that would follow if plaintiffs won at trial.

## 8. What are the settlement terms?

Under the compromise agreement between the parties, RI Blue Cross will put $17.5 million into a Settlement Fund. After payment of attorneys' fees, costs, Class Representative awards, and the costs of administering this settlement, approximately $11 million will remain, which will be distributed directly to approximately 116,000 Class Members. ***There is no need to file a Claim Form in connection with this settlement. RI Blue Cross electronic records are sufficient to show who is and who is not entitled to a cash distribution.*** Cash distributions to eligible Class Members will be automatic, *as long as RI Blue Cross has a valid address for them.* Class Counsel will apply a mathematical formula to determine exactly how much of the Settlement Fund will go to each individual Class Member. Class Counsel believes that approximately 116,000 Class Members will receive cash distributions, and that the *average* cash distribution per eligible Class Member will be approximately $93. Initial distributions will not be less than $10 or more than $1,500. Some Class Members will also receive a claim form that entitles them to a second distribution several months after the first. Secondary Distribution Amounts will not exceed $1,500 per eligible subscriber. ***Under the proposed Plan of Distribution, no Class Member with "adjusted damages" of less than $20 will receive a cash distribution, and no Class Member with an "Estimated Secondary Damage Amount" of less than $20 will be eligible to receive a second cash distribution.*** Under the Plan of Distribution, most "adjusted damages" experienced between January 1, 1990 and December 31, 1993 will be reimbursed in full subject to a $25 minimum; damages incurred thereafter will be reduced *pro rata*, depending on the remaining amount of settlement funds available to pay those damages. Certain types of damages are reduced for "Litigation Risk," as explained in detail at the settlement website, **www.RIBlueCrossSettlement.com.**

## 9. Do I need a lawyer in this case?

No. The Courts have appointed the law firms of Siegel, Brill, Greupner, Duffy & Foster (Minneapolis, MN); DeLuca & Weizenbaum (Providence, RI); and Peter N. Wasylyk, Attorney at Law (Providence, RI) to represent you and other Class Members. Together, the lawyers are called Class Counsel. If you wish to speak to one of these lawyers, please call Peter Wasylyk, (401) 831-7730. *If you want to be represented by your own separate lawyer, you may hire one at your own expense,* but you do not need to do so.

## 10. How will the lawyers be paid?

Class Counsel will ask the Courts to award them a fee equal to 33 1/3% of the Settlement Fund, and will ask to be reimbursed for approximately $350,000 in funds they have expended prosecuting these cases during the past eight years. In addition, they will ask the Courts to award $25,000 each to the five named plaintiffs in the case, as well as lesser amounts for certain other Class Members who had some role in the litigation. The Courts will decide how much Class Counsel will be paid and what, if any, awards to Class Representatives or Class Members will be paid. RI Blue Cross will oppose to the proposed Class Representative and Class Member awards as excessive.

## 11. How do I get further information?

Visit the settlement website, **www.RIBlueCrossSettlement.com**. It contains a detailed explanation of the four Claim Types, and it provides examples of how damages were calculated and adjusted for each Claim Type. It also provides a detailed description of the Plan of Distribution, including reductions for Litigation Risk, Category 1 maximum amounts, Category 2 maximum amounts, and so on. **If you do not have access to the internet, Class Counsel will mail you a printout of the entire website Q & A if you so request by calling 1-888-337-5906. Aviso: Este es un documento legal. Es importante que ud. lo traduzca. Se puede encontrar este documento en espanol en el internet (www.RIBlueCrossSettlement.com).**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND (CASE NO. 96-275S)
– *AND* – SUPERIOR COURT FOR PROVIDENCE COUNTY (CASE NO. PB96-2579)

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

***Important:***
***You can download a large-print version of this Notice at www.RIBlueCrossSettlement.com. You may request a mailed large-print version by calling 1-888-337-5906***

***Aviso:** Este es un documento legal. Es importante que ud. lo traduzca. Se puede encontrar este documento en espanol en el internet (www.RIBlueCrossSettlement.com).*

To:

**Your Personalized Settlement Information**

**FOR SUMMARY EXPLANATION, SEE QUESTION 1 BELOW.**
**For detailed explanation, see www.ribluecrosssettlement.com.**

**Read this Notice carefully. It is an explanation of a proposed class action settlement against Blue Cross & Blue Shield of Rhode Island ("RI Blue Cross") THAT WILL RESULT IN A CASH DISTRIBUTION TO YOU.**

**In summary, this Notice describes a $17.5 million settlement of class action claims against RI Blue Cross. It also explains your legal rights and options in the settlement and provides answers to questions you may have about the proposed settlement and how the damages and proposed payments were calculated.**

**You are receiving this Notice because you are one of about 116,000 present and former subscribers who will receive Initial Distributions ranging from $10 to $1,500. The average payment will be approximately $93. Line 5 above shows the amount of your "Estimated Initial Distribution."**

**Initial Distribution checks will be mailed in late summer of 2005 if this settlement is approved by state and federal courts at a Fairness Hearing in July 2005. Some Class Members are eligible to receive a second distribution if they submit a required Claim Form that will accompany the Initial Distribution.**

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| IF YOU WANT TO RECEIVE THE "ESTIMATED INITIAL DISTRIBUTION AMOUNT" SHOWN AT THE TOP OF THIS PAGE, YOU DON'T HAVE TO TAKE ANY ACTION. | However, if your address is different than the address shown above on this Notice, visit the website, **www.RIBlueCrossSettlement.com** or call 1-888-337-5906 and give your current address. You will need your RI Blue Cross subscriber number to do so. |
| IF YOU WANT TO OBJECT TO THE SETTLEMENT, YOU MUST DO SO BEFORE JUNE 17, 2005. | You have the right to object to the settlement terms if you feel they are not fair. You may do this in writing, as long as you do it by the deadline. *If you object, and the settlement is approved anyway, you will still receive your Initial Distribution amount.* **See question 3 below for instructions on how to object.** |
| IF YOU WANT TO ATTEND A HEARING ON THE FAIRNESS OF THE SETTLEMENT, YOU MAY DO SO ON JULY 15, 2005 AT 10 A.M. AT COURTROOM 2, UNITED STATES COURTHOUSE, ONE EXCHANGE TERRACE, PROVIDENCE, RI. | A Fairness Hearing will be held by the two presiding judges for this case. They will make a final decision as to whether this settlement is fair to the Class Members. If you wish, you may ask questions or object to the settlement at that time. **See question 4 below for more about the Fairness Hearing.** |

### 1. What does the "Personalized Settlement Information" at the top of the page tell me?

**For a detailed explanation of how damages and distribution amounts were calculated, go to www.RIBlueCrossSettlement.com and click on "Questions and Answers."** In summary:

**Line 5** tells you the approximate dollar amount you will receive if this settlement is approved. Your Line 5 amount will arrive sometime this summer if the settlement is approved at the Fairness Hearing.

**Line 6:** If there is a dollar amount on Line 6, you will also (at a later date) receive some or all of that amount in addition to the Line 5 amount **if** you sign and return a claim form that you will receive with your Initial Distribution (Line 5) check.

**Lines 2-4** tell you how Line 5 was calculated. Your "Category 1" amount is 100% included in Line 5. A *portion* (about 44%) of your "Category 2" amount is also included in Line 5. Thus, if Line 2 is $100 and Line 3 is $100, Line 5 will be $144.

Your **"Category 1" amount** generally reflects the full amount of damages you incurred in one or more of the four Claim Types (see question 6) in 1990-1993, but only if the total per Claim Type is $25 or more. As noted above, "Category 1" damages are paid at 100%.

Your **"Category 2" amount** reflects all other damages you incurred, i.e., damages after 1993 and pre-1993 damages of less than $25 in any Claim Type. In general, "Category 2" covers damages in the years 1994-2000.

A few "Category 1" amounts are adjusted (reduced) to reflect Litigation Risk. *Most* "Category 2" damages are adjusted for Litigation Risk.

**Line 6,** your "Estimated Secondary Damage Amount," reflects damages that exceed "Category 2" maximums that have been established as part of the Plan of Distribution in this settlement. If your Line 6 amount is greater than zero, you will be eligible to receive a second payment. Claim Type maximums and all Litigation Risk reductions can be viewed on the website.

## QUESTIONS AND ANSWERS ABOUT THE PROPOSED SETTLEMENT

### 2. Why did I get this Notice?

This Notice is about the settlement of two lawsuits begun in 1996 that challenge certain practices employed by RI Blue Cross, primarily during the 1990s, and primarily affecting the following RI Blue Cross plans and policies: Health Mate (including Health Mate 2000 and other varieties); SCRIP; Preferred Rx; and Classic Blue (Major Medical coverage only). The Courts ordered that you be sent this Notice because Class Counsel believe that you are a Class Member, and you have a right to know about your options before the Courts decide whether to approve the settlement. This Notice explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The Courts in charge of the cases are the United States District Court for the District of Rhode Island, which presides over the case named *Darius Dziadkiewicz and Carl G. Durden v. Blue Cross & Blue Shield of Rhode Island*, Case No. 96-275S (the "Federal Case") and the Superior Court for Providence County, which presides over the case named *Kerrigan Hanoian, Joseph Triangolo, and Terrence J. Kane v. Blue Cross & Blue Shield of Rhode Island*, Case No. PB96-2579 (the "State Case").

## 3. How do I file an objection if I don't like the settlement?

If you're a Class Member, you may object to the settlement if you don't like all or any part of it. To object, you must send a letter stating that you object to the *Blue Cross Class Action Settlement.* Your letter should give the reasons why you think the Courts should not approve the settlement. The Courts will consider your views. If you wish to object, you must mail your objection and any supporting documents to each of the attorneys and court clerks listed below no later than June 17, 2005. Objections received after the deadline might not be considered by the Courts. *On the copies sent to the Clerks of Court, you must refer to the Case No. shown below their addresses.*

| | | | |
|---|---|---|---|
| Wood R. Foster, Jr.<br>Siegel, Brill, Greupner, Duffy & Foster, P.A.<br>1300 Washington Square<br>100 Washington Avenue South<br>Minneapolis, MN 55401 | Melissa E. Darigan<br>Partridge Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903-7120 | Court Administrator<br>United States District Court<br>One Exchange Terrace<br>Providence, RI 02903<br>**Case No. 96-275S** | Clerk of Court<br>Providence County Superior Court<br>250 Benefit Street<br>Providence, RI 02903<br>**Case No. PB96-2579** |

## 4. When and where will the Courts decide whether to approve the settlement?

The Courts will hold a Fairness Hearing at 10 a.m. on Friday, July 15, 2005, at Courtroom 2 (Judge William Smith), United States District Court, United States Courthouse, One Exchange Terrace, Providence, RI 02903. At this hearing, the Courts will consider whether the settlement is fair, reasonable and adequate. *You are not required to attend the hearing, but may do so if you wish.* If you wish to speak, you will be allowed to do so. If there are objections, the Courts will consider them. Judges Smith and Silverstein will listen to people who ask to speak at the hearing. The judges will also decide whether to pay Class Counsel and the Class Representatives and Class Members the amounts they are requesting. After the hearing, the Courts will decide whether to approve the settlement.

# ADDITIONAL BACKGROUND QUESTIONS AND ANSWERS

## 5. What is a class action?

In a class action, one or more plaintiffs ("**Class Representatives**") sue on behalf of people who have similar claims ("**Class Members**"). One court resolves the issues for all Class Members. This settlement involves two cases – the Federal Case and the State Case – but for all practical purposes, the Courts are treating this as a single case. The judge in the Federal Case is William E. Smith, whose chambers are in Providence; the judge in the State Case is Michael A. Silverstein, whose chambers are also in Providence. Since 2003, the two cases have been consolidated for most purposes, and this settlement will be treated by the Courts as though it involves a single case only.

## 6. What are these lawsuits about?

The lawsuits primarily challenge four things ("Claim Types"): (1) the manner in which percentage coinsurance (often called "copay") was calculated during the 1990s for certain services under HealthMate coverage; (2) the manner in which percentage coinsurance was calculated during the 1990s for prescription drugs under SCRIP and Preferred Rx coverage before 1998; (3) the way RI Blue Cross identified providers who "participated" with the "Major Medical" portions of Classic Blue coverage for services such as office visits; and (4) the manner in which certain Classic Blue "Major Medical" claims – mostly for routine office visits – were denied in the early 1990s. RI Blue Cross does not admit to any wrongdoing or any violation of any law or contract provision with respect to any of the allegations in the Federal Case and the State Case.

## 7. Why is there a settlement?

The Courts did not decide in favor of either side. Instead, both sides agreed to a compromise settlement. That way, they avoid the cost of a trial, and many of the people affected will get a cash payment. None of the allegations against RI Blue Cross are admitted, and the settlement cannot be considered an admission of wrongdoing by RI Blue Cross. The settlement was worked out at arms-length between attorneys for both sides after many years of litigation. The attorneys for the Class believe this is the best settlement available, and that it is preferable to taking the matter through trials and the lengthy appeals that would follow if plaintiffs won at trial.

## 8. What are the settlement terms?

Under the compromise agreement between the parties, RI Blue Cross will put $17.5 million into a Settlement Fund. After payment of attorneys' fees, costs, Class Representative awards, and the costs of administering this settlement, approximately $11 million will remain, which will be distributed directly to certain Class Members. ***There is no need to file a Claim Form in connection with this settlement. RI Blue Cross electronic records are sufficient to show who is and who is not entitled to a cash distribution.*** Cash distributions to eligible Class Members will be automatic, *as long as RI Blue Cross has a valid address for you.* Class Counsel will apply a mathematical formula to determine exactly how much of the Settlement Fund will go to each individual Class Member. Class Counsel believes that approximately 116,000 Class Members will receive cash distributions, and that the *average* cash distribution per eligible Class Member will be approximately $93. Initial distributions will not be less than $10 or more than $1,500. Some Class Members will also receive a claim form that entitles them to a second distribution several months after the first. Secondary Distribution Amounts will not exceed $1,500 per eligible subscriber. ***Under the proposed Plan of Distribution, no Class Member with "adjusted damages" of less than $20 will receive a cash distribution, and no Class Member with an "Estimated Secondary Damage Amount" of less than $20 will be eligible to receive a second cash distribution.*** Under the Plan of Distribution, most "adjusted damages" experienced between January 1, 1990 and December 31, 1993 will be reimbursed in full subject to a $25 minimum; damages incurred thereafter will be reduced *pro rata*, depending on the remaining amount of settlement funds available to pay those damages. Certain types of damages are reduced for "Litigation Risk," as explained in detail at the settlement website, **www.RIBlueCrossSettlement.com**.

## 9. Do I need a lawyer in this case?

No. The Courts have appointed the law firms of Siegel, Brill, Greupner, Duffy & Foster (Minneapolis, MN); DeLuca & Weizenbaum (Providence, RI); and Peter N. Wasylyk, Attorney at Law (Providence, RI) to represent you and other Class Members. Together, the lawyers are called Class Counsel. If you wish to speak to one of these lawyers, please call Peter Wasylyk, (401) 831-7730. *If you want to be represented by your own separate lawyer, you may hire one at your own expense,* but you do not need to do so.

## 10. How will the lawyers be paid?

Class Counsel will ask the Courts to award them a fee equal to 33 1/3% of the Settlement Fund, and will ask to be reimbursed for approximately $350,000 in funds they have expended prosecuting these cases during the past eight years. In addition, they will ask the Courts to award $25,000 each to the five named plaintiffs in the case, as well as lesser amounts for certain other Class Members who had some role in the litigation. The Courts will decide how much Class Counsel will be paid and what, if any, awards to Class Representatives or Class Members will be paid. RI Blue Cross will oppose the proposed Class Representative and Class Member awards as excessive.

## 11. How do I get further information?

**Visit the settlement website, www.RIBlueCrossSettlement.com. It contains a detailed explanation of the four Claim Types, and it provides examples of how damages were calculated in each of the four. It also provides a detailed description of the Plan of Distribution, including reductions for Litigation Risk, Category 1 maximum amounts, Category 2 maximum amounts, and so on. If you do not have access to the internet, Class Counsel will mail you a printout of the entire website Q & A if you so request by calling 1-888-337-5906.**

***Aviso:* Este es un documento legal. Es importante que ud. lo traduzca. Se puede encontrar este documento en espanol en el internet (www.RIBlueCrossSettlement.com).**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND (CASE NO. 96-275S)
*– AND –*
SUPERIOR COURT FOR PROVIDENCE COUNTY (CASE NO. PB96-2579)

# A MEMORANDUM TO CLASS MEMBERS FROM THE PRESIDING JUDGES

As the Judges presiding over these cases, one of our jobs was to review the enclosed Notice to be sure it is understandable.

In this case, that was an unusually challenging task. We looked at several drafts of the Notice, including a draft containing much more technical information than this one, and continually found ourselves having a very hard time understanding the complicated explanations that were required in order to understand in detail how the proposed individual distribution amounts were calculated.

As a Class Member, you have a right to understand this proposed settlement well enough to be able to decide whether you want to object to it. But to really understand how the proposed distribution amounts were calculated, you need more detailed information than can reasonably be included in the printed Notice.

We therefore instructed the attorneys to include the detailed technical information on a website, www.RIBlueCrossSettlement.com. We also required that they make printed copies of the website content available upon request, for those who do not have access to the internet. You can request the printed website content by calling the toll free number shown in the Notice. It will be sent to you free of charge.

We think the combination of the summarized information in the enclosed Notice and the detailed information on the website is the most practical solution. The website contains examples, definitions, formulas, and other aids to help you understand what the underlying cases were about, how damages were calculated, and how your individual distribution share was computed.

**We have <u>not</u> approved the proposed settlement at this time. We will decide whether to give it final approval at the Fairness Hearing described in the Notice, after hearing any objections that are filed.** But we want you to be able to make an informed decision, and have therefore directed that this memorandum be included with the Notice to emphasize to you the importance of using the website as a further resource.

Honorable William E. Smith
Judge of United States District Court
District of Rhode Island

Honorable Michael A. Silverstein
Judge of Rhode Island Superior Court
Providence County

**AVISO**: Este es un documento legal. Es importante que ud. lo traduzca. Se puede encontrar este documento en espanol en el internet (<u>www.RIBlueCrossSettlement.com</u>).