UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND (CASE NO. 96-275S)
– *AND* – SUPERIOR COURT FOR PROVIDENCE COUNTY (CASE NO. PB96-2579)
TRIBUNAL FEDERAL DE PRIMERA INSTANCIA DEL DISTRITO DE RHODE ISLAND (CASO NO. 96-275S)
– *Y* – TRIBUNAL SUPERIOR DEL CONDADO DE PROVIDENCE (CASO NO. PB96-2579)

# AVISO DE PROPUESTO ARREGLO DE ACCIÓN COLECTIVA

***Importante:***
***Ud. puede obtener una versión más grande de este Aviso yendo a www.RIBlueCrossSettlement.com. Puede pedir que le envíen por correo una versión más grande llamando al 1-888-337-5906***

***Aviso:** Este es un documento legal que ha sido traducido del inglés al español.*

A:

**Su información personal sobre al Arreglo**

1. Subscriptor No.: ____________
2. Monto de Categoría 1: ____________
3. Monto de Categoría 2: ____________
4. Total antes del prorrateo: ____________
5. Monto estimado de Distrib. Inicial: ____________
6. Monto estimado de perjuicio secundario: ____________

PARA EXPLICACIÓN RESUMIDA, VER PREGUNTA 1 MÁS ABAJO
Para explicación detallada, ver www.ribluecrosssettlement.com.

**Lea este aviso minuciosamente. Es una explicación del arreglo propuesto para resolver una acción colectiva iniciada contra Blue Cross & Blue Shield of Rhode Island ("RI Blue Cross"), CUYO RESULTADO SERÁ LA DISTRIBUCIÓN DE UN MONTO EN EFECTIVO A SU FAVOR.**

**En resumen, este aviso describe el arreglo de una acción colectiva contra RI Blue Cross involucrando reclamos por valor de $17,5 millones. También explica los derechos legales y opciones que Ud. tiene en el arreglo propuesto, proporciona respuestas a preguntas que pueda tener acerca del mismo y explica la forma en que se calcularon los perjuicios y los pagos propuestos.**

**Usted ha recibido este Aviso porque es uno de los tantos (aproximadamente 116.000) suscriptores actuales y anteriores que recibirán distribuciones iniciales de entre $10 y $1.500. El pago promedio será de aproximadamente $93. El renglón 5 consignado más arriba muestra el monto estimado de su "distribución inicial".**

**Los cheques de la distribución inicial se enviarán por correo a fines del verano de 2005 si los tribunales estatales y federales aprueban este arreglo en una audiencia de justicia en julio de 2005. Algunos miembros de la acción colectiva podrán ser elegibles a la recepción de una segunda distribución si presentan el formulario de reclamo requerido, que recibirán junto con la distribución inicial.**

## SUS DERECHOS LEGALES Y OPCIONES EN ESTE ARREGLO:

| | |
|---|---|
| **SI DESEA RECIBIR EL "MONTO ESTIMADO DE DISTRIBUCIÓN INICIAL" INDICADO AL PRINCIPIO DE ESTA PÁGINA, NO NECESITA HACER NADA.** | Sin embargo, si su domicilio es diferente al consignado más arriba en este aviso, visite el sitio Web **www.RIBlueCrossSettlement.com** o llame al 1-888-337-5906 y dé su domicilio actual. Para poder hacerlo, necesitará disponer de su número de identificación como suscriptor del RI Blue Cross. |
| **SI DESEA OPONERSE A ESTE ARREGLO, DEBERÁ HACERLO ANTES DEL 17 DE JUNIO DE 2005.** | Ud. tiene derecho a oponerse a las condiciones del arreglo si considera que las mismas no son justas. Podrá hacerlo por escrito, siempre y cuando lo haga antes de la fecha límite. *Si se opone al arreglo y el mismo se aprueba de todas maneras, aun así Ud. recibirá el monto de su distribución inicial.* **Ver pregunta 3 a continuación relativa a las instrucciones para presentar objeciones.** |
| **SI DESEA IR A LA AUDIENCIA DE JUSTICIA SOBRE EL ARREGLO, PODRÁ HACERLO EL 15 DE JULIO DE 2005 A LAS 10 A.M. EN LA SALA 2 DEL TRIBUNAL FEDERAL, UBICADO EN ONE EXCHANGE TERRACE, PROVIDENCE, RI.** | La audiencia de justicia será presidida por los dos jueces que están a cargo del caso. Dichos jueces dictaminarán si este arreglo es equitativo para los miembros de la acción colectiva. Si lo desea, podrá hacer preguntas u oponerse al arreglo en esa oportunidad. **Ver pregunta 4 a continuación para mayor información sobre la audiencia de justicia.** |

## 1. ¿Qué me indica mi "información personal sobre el arreglo", consignada al principio de la página?

**Para una explicación detallada de la forma en que se calcularon los perjuicios y los montos de distribución, vaya a www.RIBlueCrossSettlement.com y haga un clic en "Preguntas y Respuestas".** En síntesis:

**El renglón 5** le indica el monto aproximado de dólares que recibirá si este arreglo se aprueba. La suma correspondiente al renglón 5 es la que recibirá durante este verano si el arreglo se aprueba en la audiencia de justicia.

**Renglón 6:** Si hay una suma de dólares en el renglón 6, Ud. también recibirá (en una fecha posterior) parte o la totalidad de dicha suma además de la consignada en el renglón 5, **siempre y cuando** haya firmado y retornado el formulario de reclamo que le llegó junto con el cheque de distribución inicial (renglón 5).

**Los renglones 2 a 4** le indican cómo se calculó el monto del renglón 5. Su monto de "Categoría 1" es 100% y está incluído en el renglón 5. *Una porción* (alrededor del 44%) del monto de su "Categoría 2" también está incluída en el renglón 5. De modo que, si el renglón 2 es $100 y el renglón 3 es $100, el renglón 5 será $144.

**Su monto de "Categoría 1"** generalmente refleja la suma total de los perjuicios sufridos por Ud. en uno o más de los cuatro tipos de reclamo (ver pregunta 6) en 1990-1993, pero únicamente si el total por tipo de reclamo es $25 o más. Como se señala anteriormente, los perjuicios de la "Categoría 1" se pagan a razón de un 100%.

**Su monto de "Categoría 2"** refleja todos los otros perjuicios sufridos por Ud., como por ejemplo los perjuicios posteriores a 1993 y anteriores a 1993 menores de $25 en cualquier tipo de reclamo. Por lo general, la "Categoría 2" cubre los perjuicios correspondientes a los años 1994-2000.

Ciertos montos de la "Categoría 1" se ajustan (reducen) para reflejar los riesgos de litigio. *La mayoría* de los perjuicios de la "Categoría 2" se ajustan para cubrir los riesgos de litigio.

**Renglón 6:** Su "Monto Estimado de Perjuicio Secundario" refleja aquellos perjuicios que sobrepasan los montos máximos de la "Categoría 2", que se establecieron como parte del plan de distribución del presente arreglo. Si el monto indicado en el renglón 6 es mayor de cero,

Ud. podrá recibir un segundo pago. Los montos máximos correspondientes a cada tipo de reclamo y todas las reducciones por concepto de riesgos de litigio pueden verse en el sitio Web.

# PREGUNTAS Y RESPUESTAS CONCERNIENTES AL ARREGLO PROPUESTO

### 2. ¿Por qué he recibido este aviso?

Este aviso se refiere al arreglo de dos juicios iniciados en 1996 a raíz de ciertas prácticas empleadas por RI Blue Cross, especialmente durante la década del 90, y mayormente afectando a los siguientes planes y políticas del RI Blue Cross: Health Mate (incluso Health Mate 2000 y otras variedades); SCRIP; Preferred Rx; y Classic Blue (únicamente la cobertura de "Major Medical" - Gastos Médicos Mayores). Las Cortes ordenaron que se le enviara este aviso porque los Letrados de la acción colectiva creen que Ud. es uno de los miembros de la misma y que por ende, tiene derecho a saber cuáles son sus opciones antes de que las Cortes decidan aprobar el arreglo o no. Este aviso explica los juicios, el arreglo, sus propios derechos legales, los beneficios que se encuentran disponibles, quiénes son elegibles a ellos y cómo obtenerlos. Los tribunales a cargo de estos casos son: el Tribunal Federal de Primera Instancia del Distrito de Rhode Island, que preside en el caso denominado *Darius Dziadkiewicz and Carl G. Durden v. Blue Cross & Blue Shield of Rhode Island*, Caso No. 96-275S (el "Caso Federal") y el Tribunal Superior del Condado de Providence, que preside en el caso denominado *Kerrigan Hanoian, Joseph Triangolo, and Terrence J. Kane v. Blue Cross & Blue Shield of Rhode Island*, Caso No. PB96-2579 (el "Caso Estatal").

### 3. ¿Cómo presento una objeción si no me gusta el arreglo?

Si Ud. es miembro de la acción colectiva, puede oponerse al arreglo si no le gusta total o parcialmente. Para oponerse, deberá enviar una carta indicando que se opone al *Blue Cross Class Action Settlement [Arreglo entre Blue Cross y la Acción Colectiva]*. Su carta deberá indicar las razones por las cuales cree que los jueces no deberían aprobar el arreglo. Los jueces considerarán su opinión. Si desea oponerse, deberá enviar por correo su objeción y el documento justificativo a cada uno de los siguientes Letrados y secretarios de actas de las Cortes a más tardar el 17 de junio de 2005. Es probable que los jueces no consideren ninguna objeción recibida después de esa fecha. *En las copias enviadas a los secretarios de actas de las Cortes, deberá hacer referencia al número del caso que aparece al pié de sus direcciones.*

| | | | |
|---|---|---|---|
| Wood R. Foster, Jr.<br>Siegel, Brill, Greupner, Duffy & Foster, P.A.<br>1300 Washington Square<br>100 Washington Avenue South<br>Minneapolis, MN 55401 | Melissa E. Darigan<br>Partridge Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903-7120 | Court Administrator<br>United States District Court<br>One Exchange Terrace<br>Providence, RI 02903<br>**Caso No. 96-275S** | Clerk of Court<br>Providence County Superior Court<br>250 Benefit Street<br>Providence, RI 02903<br>**Caso No. PB96-2579** |

### 4. ¿Dónde y cuándo los Cortes determinarán si se aprueba el arreglo?

Los Cortes celebrarán una audiencia de justicia a las 10 de la mañana del día viernes, 15 de julio de 2005, en la sala 2 del Juez William Smith del United States District Court [Tribunal Federal de Primera Instancia], ubicado en el United States Courthouse [Corte Federal de los Estados Unidos], domiciliada en One Exchange Terrace, Providence, RI 02903. Durante la audiencia, los jueces considerarán si el arreglo es justo, razonable y adecuado. *Ud. no necesita concurrir a esta audiencia, pero puede hacerlo si lo desea.* Si quiere hablar, se le permitirá hacerlo. De haber objeciones, los jueces las considerarán. Los jueces Smith y Silverstein escucharán a cualquier persona que desee hablar en la audiencia. Los jueces también determinarán si se deberá pagar a los Letrados de la acción colectiva y a los representantes y miembros de la misma las sumas que solicitan. Después de la audiencia, los jueces dictaminarán con respecto al arreglo.

## PREGUNTAS Y RESPUESTAS ADICIONALES RELATIVAS A LOS ANTECEDENTES

### 5. ¿Qué es una acción colectiva?

En una acción colectiva, uno o más demandantes (**"Representantes de la Acción Colectiva"**) entablan una acción en nombre de las personas que tienen quejas similares (**"Miembros de la Acción Colectiva"**). Un juez dictamina con respecto a los asuntos de todos los miembros de la acción colectiva. El presente arreglo involucra dos casos – el Caso Federal y el Caso Estatal – pero por razones prácticas, los jueces lo están tratando como si se tratara de un solo caso. El juez a cargo del Caso Federal es William E. Smith, cuyo despacho está ubicado en Providence. El juez a cargo del Caso Estatal es Michael A. Silverstein, cuyo despacho está también ubicado en Providence. Desde el año 2003, los dos casos han quedado consolidados en la mayoría de sus aspectos y el presente arreglo será considerado por los jueces como si se tratara de un solo caso.

### 6. ¿Acerca de qué son estos juicios?

Esencialmente, los juicios son en contra de cuatro cosas ("Tipos de Reclamo"): (1) la manera en que el porcentaje de coaseguración (llamado a menudo "copago") se calculó durante la década del 90 para ciertos servicios cubiertos por HealthMate; (2) la manera en que el porcentaje de coaseguración se calculó durante la década del 90 para medicamentos cubiertos por SCRIP y Preferred Rx antes de 1998; (3) la manera en que RI Blue Cross identificó a los proveedores que "participaban" en las porciones de "Major Medical" cubiertas por Classic Blue para ciertos servicios, tales como visitas a consultorios médicos; y (4) el hecho de que ciertos reclamos presentados a Classic Blue por servicios de "Major Medical" – mayormente visitas rutinarias a consultorios médicos – fueron rechazados durante los primeros años de la década del 90. RI Blue Cross no admite haber hecho nada malo, ni tampoco haber violado ninguna ley o estipulación contractual con respecto a ninguno de los alegatos contenidos en el Caso Federal y el Caso Estatal.

### 7. ¿Por qué hay un arreglo?

Las Cortes no dictaminaron en favor o en contra de las partes. En cambio, ambas partes convinieron en hacer un arreglo conciliatorio. De ese modo, se evitararán los costos de un juicio y muchas de las personas afectadas recibirán pagos en efectivo. Ninguno de los alegatos hechos en contra de RI Blue Cross se considerarán admisibles, ni tampoco podrá el arreglo considerarse como una admisión de actos malos por parte de RI Blue Cross. El arreglo fue desarrollado a través de negociaciones independientes entre los abogados de ambas partes después de muchos años de litigio. Los Letrados de la acción colectiva creen que este es el mejor arreglo a que se ha podido llegar y de que es preferible a tener que lidiar con el asunto a través de un proceso judicial y las largas apelaciones que seguirían si los demandantes llegaran a ganar en un juicio.

### 8. ¿Cuáles son las condiciones del arreglo?

De acuerdo al arreglo conciliatorio celebrado entre las partes, RI Blue Cross depositará $17,5 millones en un fondo de liquidación extrajudicial. Después de atender al pago de los honorarios de los abogados, los costos incurridos, el laudo de los representantes de la acción colectiva y los gastos de administración de este arreglo, quedarán aproximadamente $11 milliones, que se pagarán directamente a ciertos miembros de la acción colectiva. ***No hay necesidad de presentar ningún formulario de reclamo con respecto a este arreglo. Los archivos electrónicos de RI Blue tienen la capacidad suficiente para determinar quiénes tienen derecho a recibir una distribuición en efectivo.*** Las distribuciones en efectivo a los miembros elegibles de la acción colectiva serán automáticas, *siempre y cuando RI Blue Cross tenga sus domicilios correctos.* Los Letrados de la acción colectiva aplicarán una fórmula matemática a fin de determinar exactamente qué cantidad del fondo de liquidación extrajudicial irá a cada miembro de la clase colectiva de manera individual. Los Letrados de la acción colectiva creen que aproximadamente 116.000 miembros de dicha acción recibirán distribuiciones en efectivo y que *el promedio* de dicha distribuición en efectivo por cada miembro elegible será alrededor de $93. Las distribuiciones iniciales no serán menores de $10 ni mayores de $1.500. Algunos miembros de la acción colectiva asimismo recibirán un formulario de reclamo, que les dará derecho a recibir una segunda distribuición varios meses después de haber recibido la primera. Los montos de la distribuición secundaria no podrán excederse de $1.500 por cada suscriptor elegible. ***De acuerdo a los términos del plan de distribuición propuesto, ningún miembro de la acción colectiva que tenga "perjuicios ajustados" menores de $20 recibirá una distribuición en efectivo; y ningún miembro de la acción colectiva que tenga "un monto estimado de perjuicio secundario" menor de $20 tendrá derecho a recibir una segunda distribuición en efectivo.*** De acuerdo al plan de distribuición, la mayoría de los "perjuicios ajustados" incurridos entre el 1 de enero de 1990 y el 31 de

diciembre de 1993 serán reembolsados en su totalidad con sujeción a un mínimo de $25; los perjuicios incurridos con posterioridad serán reducidos *de manera prorrateada*, dependiendo del monto remanente de los fondos de liquidación que se encuentre disponible para pagar dichos perjuicios. Ciertos tipos de perjuicio se reducen para cubrir "los riesgos de litigio", tal como se explica detalladamente en el siguiente sitio Web del arreglo: www.RIBlueCrossSettlement.com.

## 9. ¿Necesito un abogado en este caso?

No. Las Cortes han designado a los estudios jurídicos de Siegel, Brill, Greupner, Duffy & Foster (Minneápolis, MN), DeLuca & Weizenbaum (Providence, RI) y al abogado Peter N. Wasylyk de Providence, RI para que representen no solamente a usted sino a otros miembros de la acción colectiva. En conjunto, a estos abogados se los denomina Letrados de la Acción Colectiva. Si quiere hablar con uno de estos abogados, sírvase llamar por teléfono a Peter Wasylyk al 401) 831-7730. *Si quiere estar representado separadamente por un abogado propio, podrá contratar uno por su cuenta y a su cargo*; pero no necesita hacerlo.

## 10. ¿Cómo se pagará a los abogados?

Los Letrados de la Acción Colectiva solicitarán a las Cortes que les adjudique un honorario equivalente al 33 1/3% del Fondo de Liquidación y que, además, se les reembolse aproximadamente $350.000 en concepto de gastos incurridos durante el encause de estos casos en los últimos ocho años. Adicionalmente, solicitarán a las Cortes que adjudiquen $25.000 a cada uno de los cinco demandantes nombrados en el caso, como así también sumas menores a algunos otros Miembros de la Acción Colectiva que tuvieron algún rol en el litigio. Las Cortes determinarán cuánto se pagará a los Letrados de la Acción Colectiva y qué clase de compensación, de corresponder, se pagará a los Representantes de la Acción Colectiva o a los Miembros de la Acción Colectiva. RI Blue Cross se opondrá a las adjudicaciones propuestas para los representantes y miembros de la acción colectiva, alegando que las mismas son excesivas.

## 11. ¿Cómo puedo obtener mayor información?

**Vaya al sitio Web del arreglo: www.RIBlueCrossSettlement.com. El mismo contiene una explicación detallada de los cuatro Tipos de Reclamo y proporciona ejemplos de la forma en que se calcularon los perjuicios correspondientes a cada uno de los cuatro. Asimismo, este sitio da una descripción detallada del Plan de Distribución, incluso de las reducciones por Riesgos de Litigio, los montos máximos de la Categoría 1, los montos máximos de la Categoría 2, etc. Si no tiene acceso a la Internet, los Letrados de la Acción Colectiva le enviarán por correo una copia impresa de la sección entera del sitio Web correspondiente a Preguntas y Repuestas, llamándolos al 1-888-337-5906.**

***Aviso*: *Este es un documento legal que ha sido traducido del inglés al español.***

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND (CASE NO. 96-275S)
– *AND* – SUPERIOR COURT FOR PROVIDENCE COUNTY (CASE NO. PB96-2579)
TRIBUNAL FEDERAL DE PRIMERA INSTANCIA DEL DISTRITO DE RHODE ISLAND (CASO NO. 96-275S)
– *Y* – TRIBUNAL SUPERIOR DEL CONDADO DE PROVIDENCE (CASO NO. PB96-2579)

# AVISO DE PROPUESTO ARREGLO DE ACCIÓN COLECTIVA

***Importante:***
***Ud. puede obtener una versión más grande de este Aviso yendo al sitio Web del Arreglo: www.RIBlueCrossSettlement.com. Puede pedir que le envíen por correo una versión más grande del mismo llamando al 1-888-337-5906.***
**Aviso: Este es un documento legal que ha sido traducido del inglés al español.**

## INTRODUCCIÓN

**Lea este aviso minuciosamente. Es una explicación del arreglo propuesto para resolver una acción colectiva iniciada contra Blue Cross & Blue Shield of Rhode Island ("RI Blue Cross"). ESTE ARREGLO NO TENDRÁ COMO RESULTADO LA DISTRIBUCIÓN DE UN PAGO EN EFECTIVO A SU FAVOR; PERO TENDRÁ COMO RESULTADO LA DISTRIBUCIÓN DE PAGOS EN EFECTIVO A FAVOR DE OTRAS PERSONAS.**

**En resumen, este aviso describe el arreglo de una acción colectiva contra RI Blue Cross involucrando reclamos por valor de $17.5 millones. También explica los derechos legales y opciones que Ud. tiene en el arreglo propuesto, proporciona respuestas a preguntas que pueda tener acerca del mismo y explica la forma en que se calcularon los perjuicios y los pagos propuestos.**

**Usted ha recibido este Aviso porque es uno de los tantos (aproximadamente 180.000) suscriptores actuales y anteriores que NO RECIBIRÁN una distribución a consecuencia de este arreglo. Aproximadamente otros 116.000 suscriptores actuales y anteriores *recibirán* distribuciones iniciales de entre $10 y $1,500. El pago promedio a los Miembros de la Acción Colectiva que reciban distribuciones en efectivo será de aproximadamente $93.**

| SUS DERECHOS LEGALES Y OPCIONES EN ESTE ARREGLO: | |
|---|---|
| **SI DESEA OPONERSE A ESTE ARREGLO, DEBERÁ HACERLO ANTES DEL 17 DE JUNIO DE 2005.** | Ud. tiene derecho a oponerse a las condiciones del arreglo si considera que las mismas no son justas. Podrá hacerlo por escrito, siempre y cuando lo haga antes de la fecha límite. *Si se opone al arreglo y el mismo se aprueba de todas maneras, Ud. quedará obligado a los términos del arreglo.* **Ver pregunta 3 a continuación relativa a las instrucciones para presentar objeciones.** |
| **SI DESEA IR A LA AUDIENCIA DE JUSTICIA SOBRE EL ARREGLO, PODRÁ HACERLO EL 15 DE JULIO DE 2005 A LAS 10 A.M. EN LA SALA 2 DEL TRIBUNAL FEDERAL, UBICADO EN ONE EXCHANGE TERRACE, PROVIDENCE, RI.** | La audiencia de justicia será presidida por los dos jueces que están a cargo del caso. Dichos jueces dictaminarán si este arreglo es equitativo para los miembros de la acción colectiva. Si lo desea, podrá hacer preguntas u oponerse al arreglo en esa oportunidad. **Ver pregunta 4 a continuación para mayor información sobre la audiencia de justicia.** |
| **SI NO HACE NADA Y EL ARREGLO SE APRUEBA, SUS RECLAMOS CONTRA RI BLUE CROSS SERÁN ELIMINADOS.** | A pesar de que no recibirá un beneficio en efectivo a consecuencia de este arreglo, usted es un "Miembro de la Acción Colectiva" dentro del contexto del mismo y cualquier derecho subsiguiente que adquiera con relación a los reclamos hechos contra RI Blue Cross en estos juicios quedarán extinguidos mediante este arreglo si el mismo se aprueba en la audiencia de justicia mencionada anteriormente. |

## PREGUNTA BÁSICA

### 1. ¿Por qué no recibiré ninguna distribución a consecuencia de este arreglo? ¿En qué sentido esto me beneficia?

En total, aproximadamente 297.000 suscriptores actuales y anteriores del RI Blue Cross (denominados colectivamente "Miembros de la Acción Colectiva") sufrieron *algún* tipo de perjuicio monetario al amparo de las teorías presentadas por los demandantes en este caso. Después de efectuar ajustes para cubrir el Riesgo de Litigios, las sumas ajustadas resultantes van de $0.02 para algunos Miembros de la Acción Colectiva hasta miles de dólares para otros miembros de la misma. ***La vasta mayoría de los Miembros de la Acción Colectiva, inclusive usted, sufrieron perjuicios ajustados menores de $20. La suma promedio de perjuicio ajustado en este grupo de 180.000 miembros es de aproximadamente $5,35.***

El Plan de Distribuición en este caso, considerando los altos costos de preparación y envío de cheques a miles y miles de personas por sumas relativamente pequeñas de dinero, establece una "base" de $20 en perjuicios ajustados antes de hacer ninguna distribuición en efectivo. Esta es la práctica común utilizada en los planes de distribución de acciones colectivas.

No obstante el hecho de que Ud. no recibirá una distribuición en efectivo, cualquier reclamo que tenga contra RI Blue Cross (de los tipos contemplados en estos juicios) quedarán extinguidos mediante este arreglo. Lo que Ud. recibirá en cambio será la protección de un derecho, una orden emitida por las Cortes instruyendo a RI Blue Cross a que actúe de cierta manera para evitar que RI Blue Cross repita algunas de las prácticas que originaron los reclamos de los demandantes en primer lugar, la mayoría de las cuales RI Blue Cross descontinuó antes de la concertación de este arreglo.

Más aún, a título de reconocimiento de que usted y muchos otros Miembros de la Acción Colectiva no recibirán beneficios en efectivo derivados de este arreglo, una porción del Fondo de Liquidación (no menor de $50.000 ni mayor a $250.000) será donada a instituciones de caridad de Rhode Island dedicadas a la preservación de la salud, incluso a la Clínica de Servicios Gratis de Rhode Island y a los Centros Comunales de Salud de Rhode Island.

***Los detalles del Plan de Distribuición, la forma en que el monto de los perjuicios se calculó y ajustó, como asimismo cualquier otra información demasiado detallada para poder incluirla en este aviso, puede encontrarse en www.RIBlueCrossSettlement.com. Si Ud. no tiene acceso a la Internet, podrá obtener una copia impresa del Plan de Distribución y de las secciones correspondientes a "Preguntas y Respuestas" relativas a la misma llamando a 1-888-337-5906.***

**PREGUNTAS Y RESPUESTAS CONCERNIENTES AL ARREGLO PROPUESTO**

**2. ¿Por qué he recibido este aviso?**

Este aviso se refiere al arreglo de dos juicios iniciados en 1996 a raíz de ciertas prácticas empleadas por RI Blue Cross, especialmente durante la década del 90, y mayormente afectando a los siguientes planes y políticas del RI Blue Cross: Health Mate (incluso Health Mate 2000 y otras variedades); SCRIP; Preferred Rx; y Classic Blue (únicamente la cobertura de "Major Medical" - Gastos Médicos Mayores). Las Cortes ordenaron que se le enviara este aviso porque los Letrados de la acción colectiva creen que Ud. es uno de los miembros de la misma y que por ende, tiene derecho a saber cuáles son sus opciones antes de que las Cortes decidan aprobar el arreglo o no. Este aviso explica los juicios, el arreglo, sus propios derechos legales, los beneficios que se encuentran disponibles, quiénes son elegibles a ellos y cómo obtenerlos. Los tribunales a cargo de estos casos son: el Tribunal Federal de Primera Instancia del Distrito de Rhode Island, que preside en el caso denominado *Darius Dziadkiewicz and Carl G. Durden v. Blue Cross & Blue Shield of Rhode Island*, Caso No. 96-275S (el "Caso Federal") y el Tribunal Superior del Condado de Providence, que preside en el caso denominado *Kerrigan Hanoian, Joseph Triangolo, and Terrence J. Kane v. Blue Cross & Blue Shield of Rhode Island*, Caso No. PB96-2579 (el "Caso Estatal").

**3. ¿Cómo presento una objeción si no me gusta el arreglo?**

Si Ud. es miembro de la acción colectiva, puede oponerse al arreglo si no le gusta total o parcialmente. Para oponerse, deberá enviar una carta indicando que se opone al *Blue Cross Class Action Settlement [Arreglo entre Blue Cross y la Acción Colectiva]*. Su carta deberá indicar las razones por las cuales cree que los jueces no deberían aprobar el arreglo. Los jueces considerarán su opinión. Si desea oponerse, deberá enviar por correo su objeción y el documento justificativo a cada uno de los siguientes Letrados y secretarios de actas de las Cortes a más tardar el 17 de junio de 2005. Es probable que los jueces no consideren ninguna objeción recibida después de esa fecha. *En las copias enviadas a los secretarios de actas de las Cortes, deberá hacer referencia al número del caso que aparece al pié de sus direcciones.*

| | | | |
|---|---|---|---|
| Wood R. Foster, Jr.<br>Siegel, Brill, Greupner, Duffy & Foster, P.A.<br>1300 Washington Square<br>100 Washington Avenue South<br>Minneapolis, MN 55401 | Melissa E. Darigan<br>Partridge Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903-7120 | Court Administrator<br>United States District Court<br>One Exchange Terrace<br>Providence, RI 02903<br>**Caso No. 96-275S** | Clerk of Court<br>Providence County Superior Court<br>250 Benefit Street<br>Providence, RI 02903<br>**Caso No. PB96-2579** |

**4. ¿Dónde y cuándo los Cortes determinarán si se aprueba el arreglo?**

Los Cortes celebrarán una audiencia de justicia a las 10 de la mañana del día viernes, 15 de julio de 2005, en la sala 2 del Juez William Smith del United States District Court [Tribunal Federal de Primera Instancia], ubicado en el United States Courthouse [Corte Federal de los Estados Unidos], domiciliada en One Exchange Terrace, Providence, RI 02903. Durante la audiencia, los jueces considerarán si el arreglo es justo, razonable y adecuado. *Ud. no necesita concurrir a esta audiencia, pero puede hacerlo si lo desea.* Si quiere hablar, se le permitirá hacerlo. De haber objeciones, los jueces las considerarán. Los jueces Smith y Silverstein escucharán a cualquier persona que desee hablar en la audiencia. Los jueces también determinarán si se deberá pagar a los Letrados de la acción colectiva y a los representantes y miembros de la misma las sumas que solicitan. Después de la audiencia, los jueces dictaminarán con respecto al arreglo.

**PREGUNTAS Y RESPUESTAS ADICIONALES RELATIVAS A LOS ANTECEDENTES**

**5. ¿Qué es una acción colectiva?**

En una acción colectiva, uno o más demandantes (**"Representantes de la Acción Colectiva"**) entablan una acción en nombre de las personas que tienen quejas similares (**"Miembros de la Acción Colectiva"**). Un juez dictamina con respecto a los asuntos de todos los miembros de la acción colectiva. El presente arreglo involucra dos casos – el Caso Federal y el Caso Estatal – pero por razones prácticas, los jueces lo están tratando como si se tratara de un solo caso. El juez a cargo del Caso Federal es William E. Smith, cuyo despacho está ubicado en Providence. El juez a cargo del Caso Estatal es Michael A. Silverstein, cuyo despacho está también ubicado en Providence. Desde el año 2003, los dos casos han quedado consolidados en la mayoría de sus aspectos y el presente arreglo será considerado por los jueces como si se tratara de un solo caso.

**6. ¿Acerca de qué son estos juicios?**

Esencialmente, los juicios son en contra de cuatro cosas ("Tipos de Reclamo"): (1) la manera en que el porcentaje de coaseguración (llamado a menudo "copago") se calculó durante la década del 90 para ciertos servicios cubiertos por HealthMate; (2) la manera en que el porcentaje de coaseguración se calculó durante la década del 90 para medicamentos cubiertos por SCRIP y Preferred Rx antes de 1998; (3) la manera en que RI Blue Cross identificó a los proveedores que "participaban" en las porciones de "Major Medical" cubiertas por Classic Blue para ciertos servicios, tales como visitas a consultorios médicos; y (4) el hecho de que ciertos reclamos presentados a Classic Blue por servicios de "Major Medical" – mayormente visitas rutinarias a consultorios médicos – fueron rechazados durante los primeros años de la década del 90. RI Blue Cross no admite haber hecho nada malo, ni tampoco haber violado ninguna ley o estipulación contractual con respecto a ninguno de los alegatos contenidos en el Caso Federal y el Caso Estatal.

**7. ¿Por qué hay un arreglo?**

Las Cortes no dictaminaron en favor o en contra de las partes. En cambio, ambas partes convinieron en hacer un arreglo conciliatorio. De ese modo, se evitararán los costos de un juicio y muchas de las personas afectadas recibirán pagos en efectivo. Ninguno de los alegatos hechos en contra de RI Blue Cross se considerarán admisibles, ni tampoco podrá el arreglo considerarse como una admisión de actos malos por parte de RI Blue Cross. El arreglo fue desarrollado a través de negociaciones independientes entre los abogados de ambas partes después de muchos años de litigio. Los Letrados de la acción colectiva creen que este es el mejor arreglo a que se ha podido llegar y de que es preferible a tener que lidiar con el asunto a través de un proceso judicial y las largas apelaciones que seguirían si los demandantes llegaran a ganar en un juicio.

**8. ¿Cuáles son las condiciones del arreglo?**

De acuerdo al arreglo conciliatorio celebrado entre las partes, RI Blue Cross depositará $17,5 millones en un fondo de liquidación extrajudicial. Después de atender al pago de los honorarios de los abogados, los costos incurridos, el laudo de los representantes de la acción colectiva y los gastos de administración de este arreglo, quedarán aproximadamente $11 milliones, que se pagarán directamente a ciertos miembros de la acción colectiva. ***No hay necesidad de presentar ningún formulario de reclamo con respecto a este arreglo. Los archivos electrónicos de RI Blue tienen la capacidad suficiente para determinar quiénes tienen derecho a recibir una distribuición en efectivo.*** Las distribuciones en efectivo a los miembros elegibles de la acción colectiva serán automáticas, *siempre y cuando RI Blue Cross tenga sus domicilios correctos.* Los Letrados de la acción colectiva aplicarán una fórmula matemática a fin de determinar exactamente qué cantidad del fondo de liquidación extrajudicial irá a cada miembro de la clase colectiva de manera individual. Los Letrados de la acción colectiva creen que aproximadamente 116.000 miembros de dicha acción recibirán distribuiciones en efectivo y que *el promedio* de dicha distribuición en efectivo por cada miembro elegible será alrededor de $93. Las distribuiciones iniciales no serán menores de $10 ni mayores de $1.500. Algunos miembros de la acción colectiva asimismo recibirán un formulario de reclamo, que les dará derecho a recibir una segunda distribuición varios meses después de haber recibido la primera. Los montos de la distribuición secundaria no podrán excederse de $1.500 por cada suscriptor elegible. ***De acuerdo a los términos del plan de distribuición propuesto, ningún miembro de la acción colectiva que tenga "perjuicios ajustados" menores de $20 recibirá una distribuición en efectivo; y ningún miembro de la acción colectiva que tenga "un monto estimado de perjuicio secundario" menor de $20 tendrá derecho a recibir una segunda distribuición en efectivo.*** De acuerdo al plan de distribuición, la mayoría de los "perjuicios ajustados" incurridos entre el 1 de enero de 1990 y el 31 de

diciembre de 1993 serán reembolsados en su totalidad con sujeción a un mínimo de $25; los perjuicios incurridos con posterioridad serán reducidos *de manera prorrateada*, dependiendo del monto remanente de los fondos de liquidación que se encuentre disponible para pagar dichos perjuicios. Ciertos tipos de perjuicio se reducen para cubrir "los riesgos de litigio", tal como se explica detalladamente en el siguiente sitio Web del arreglo: www.RIBlueCrossSettlement.com.

## 9. ¿Necesito un abogado en este caso?

No. Las Cortes han designado a los estudios jurídicos de Siegel, Brill, Greupner, Duffy & Foster (Minneapólis, MN), DeLuca & Weizenbaum (Providence, RI) y al abogado Peter N. Wasylyk de Providence, RI para que representen no solamente a usted sino a otros miembros de la acción colectiva. En conjunto, a estos abogados se los denomina Letrados de la Acción Colectiva. Si quiere hablar con uno de estos abogados, sírvase llamar por teléfono a Peter Wasylyk al 401) 831-7730. *Si quiere estar representado separadamente por un abogado propio, podrá contratar uno por su cuenta y a su cargo*; pero no necesita hacerlo.

## 10. ¿Cómo se pagará a los abogados?

Los Letrados de la Acción Colectiva solicitarán a las Cortes que les adjudique un honorario equivalente al 33 1/3% del Fondo de Liquidación y que, además, se les reembolse aproximadamente $350.000 en concepto de gastos incurridos durante el encause de estos casos en los últimos ocho años. Adicionalmente, solicitarán a las Cortes que adjudiquen $25.000 a cada uno de los cinco demandantes nombrados en el caso, como así también sumas menores a algunos otros Miembros de la Acción Colectiva que tuvieron algún rol en el litigio. Las Cortes determinarán cuánto se pagará a los Letrados de la Acción Colectiva y qué clase de compensación, de corresponder, se pagará a los Representantes de la Acción Colectiva o a los Miembros de la Acción Colectiva. RI Blue Cross se opondrá a las adjudicaciones propuestas para los representantes y miembros de la acción colectiva, alegando que las mismas son excesivas.

## 11. ¿Cómo puedo obtener mayor información?

Vaya al sitio Web del arreglo: **www.RIBlueCrossSettlement.com.** El mismo contiene una explicación detallada de los cuatro Tipos de Reclamo y proporciona ejemplos de la forma en que se calcularon y ajustaron los perjuicios correspondientes a cada uno de los Tipos de Reclamo. Asimismo, este sitio da una descripción detallada del Plan de Distribución, incluso de las reducciones por Riesgos de Litigio, los montos máximos de la Categoría 1, los montos máximos de la Categoría 2, etc. **Si no tiene acceso a la Internet, los Letrados de la Acción Colectiva le enviarán por correo una copia impresa de la sección entera del sitio Web correspondiente a Preguntas y Repuestas, llamándolos al 1-888-337-5906. Aviso: Este es un documento legal que ha sido traducido del inglés al español.**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND (CASE NO. 96-275S)
*– AND –*
SUPERIOR COURT FOR PROVIDENCE COUNTY (CASE NO. PB96-2579)

[TRIBUNAL FEDERAL DE PRIMERA INSTANCIA DEL DISTRITO DE RHODE ISLAND – CASO NO. 96-275S]
– Y –
TRIBUNAL SUPERIOR DEL CONDADO DE PROVIDENCE – CASO PB96-2579]

# MEMORÁNDUM A LOS MIEMBROS DE LA ACCIÓN COLECTIVA DE LOS JUECES QUE PRESIDEN LOS CASOS

En nuestro carácter de Jueces a cargo de estos casos, una de las tareas a que nos dedicamos fue la de revisar el Aviso adjunto para asegurarnos de que se entiende.

En este caso, esa fue una tarea más ardua de lo comúnmente requerida. Leímos varios borradores del Aviso, incluso uno que contenía información mucho más técnica que el adjunto, y continuamente nos dimos cuenta de que nos era bastante difícil comprender las complicadas explicaciones que se daban para entender completamente cómo se calcularon los montos individuales de distribución propuestos.

Como Miembro de la Acción Colectiva, usted tiene derecho a entender el arreglo propuesto con la suficiencia necesaria para poder decidir si quiere oponerse al mismo. Pero para poder realmente entender cómo se calcularon los montos de distribuición, usted necesita una información más detallada de la que se pueda incluir razonablemente en un aviso impreso.

En vista de lo anterior, impartimos instrucciones a los abogados para que incluyan detalladamente la información técnica en un sitio Web (www.RIBlueCrossSettlement.com). Asimismo, les ordenamos que a la recepción de una solicitud por parte de las personas que no tienen acceso a la Internet, se les faciliten copias impresas del contenido del sitio Web. Usted podrá pedir que se le envíe una copia impresa del contenido del sitio Web llamando al número de telefóno sin cargo que aparece en el Aviso. Dicha copia le será enviada gratis.

Creemos que la solución más práctica reside en combinar la información abreviada que aparece en el Aviso adjunto con la consignada detalladamente en el sitio Web. El sitio Web contiene ejemplos, definiciones, fórmulas y otros elementos que le permitirán entender la materia subyacente de los casos, la manera en que se calcularon los perjuicios y cómo se computó su porción de distribuición individual.

**Todavía <u>no</u> hemos aprobado el arreglo propuesto. Nuestra decisión final tendrá lugar en la Audiencia de Justicia descripta en el Aviso después de escuchar las objeciones que se hagan en esa oportunidad.** Pero como deseamos que usted esté bien informado antes de tomar una decisión, hemos ordenado que el presente memorándum se incluya en el Aviso, para hacerle así resaltar la importancia de que utilice el sitio Web como fuente de mayor información.

Honorable William E. Smith
Juez Federal de Primera Instancia
Distrito de Rhode Island

Honorable Michael A. Silverstein
Juez del Tribunal Superior de Rhode Island
Condado de Providence

**AVISO**: Este es un documento legal que ha sido traducido del inglés al español. Se lo puede encontrar en la Internet (www.RIBlueCrossSettlement.com).