UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Dariusz Dziadkiewicz and Carl G. Durden, on behalf of themselves, persons claiming under their health plans, and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Blue Cross & Blue Shield of Rhode Island,<br><br>Defendant. | C.A. NO. 96-275S |

STATE OF RHODE ISLAND — SUPERIOR COURT

PROVIDENCE, S.C.

| | |
|---|---|
| Kerrigan Hanoian, Joseph Triangolo, and Terrence J. Kane, on behalf of themselves, persons claiming under their health plans, and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Blue Cross & Blue Shield of Rhode Island,<br><br>Defendant. | CASE NO. PB96-2579 |

# FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT

On March 23, 2005, these Courts granted preliminary approval to the proposed class action settlement between plaintiffs and defendant Blue Cross & Blue Shield of Rhode Island ("Blue Cross"). The settlement resolves all of plaintiffs' and all class members' claims in exchange for

certain injunctive relief and Blue Cross' commitment to establish a Settlement Fund totaling $17,500,000 (the "Settlement Fund").

The Courts simultaneously and provisionally certified a joint settlement class, approved the form and manner of notice of the settlement, as set forth in the parties' Stipulation of Settlement ("Settlement Stipulation"), and set a joint Fairness Hearing for July 15, 2005.

On July 15, 2005, the Courts jointly held a duly-noticed final joint Fairness Hearing to consider whether to grant final approval to the settlement, and to consider Class Counsel's Petition for an Award of Attorneys' Fees, Expenses, and Awards to Class Representatives and Former Plaintiffs. The Courts heard argument from the parties and any others who elected to appear to voice their support for, or objection to, the settlement, and fully considered the nine (9) objections received from class members. Additionally, the Courts gave the opportunity to anyone who wished to do so to object to the settlement terms.

Having read, reviewed and considered the papers filed with the Courts, the oral arguments of counsel, and presentations of any and all others who appeared at the hearing and requested to be heard, and the law and evidence being in favor thereof:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Courts, for purposes of this Order, adopt all defined terms as set forth in the Settlement Stipulation.

2. The Courts have jurisdiction over the subject matter of the Case and over all parties thereto, including the Class Members. All parties have consented to ongoing joint proceedings between the Federal and State Courts, which the parties and both Courts deem in the interest of judicial economy.

3. In accordance with the prior separate orders of the Courts, the settlement class has previously been certified under Fed. R. Civ. P. 23(b)(2) and/or Sup. Ct. R. Civ. P. 23(b)(2) and is to consist of the following:

a. **Settlement Class Description: Federal Case:**

The class consists of all current and former covered individuals in ERISA-covered employee welfare benefit plans insured, underwritten or administered by Blue Cross between June 1, 1986 and the present who fall into [the following subclass]

. . .

d. **"Percentage Copayment" Subclass:** This subclass consists of all covered individuals who are or were covered by HealthMate or HealthMate 2000 plans, or who participated in any "SCRIP" plan involving percentage copayment, who were required to make percentage copayments in conjunction with covered health services or prescription drug purchases in which the percentage copayment was calculated as a percentage of the provider's "charge" (undiscounted price) and Blue Cross' share of the copayment was calculated from a discounted price.

b. **Settlement Class Description: State Case:**

The class consists of all current and former covered individuals in non-ERISA benefit plans insured, underwritten or administered by Blue Cross between May 15, 1986 and the present who fall into one or more of the following four subclasses:

a. **Participating Provider Overcharge Subclass:** This subclass consists of all covered individuals who were or are covered by "Classic Blue" coverage who, received covered services under the "Covered Healthcare Services" or "Major Medical" sections of the "Classic Blue" policy from a Participating Provider yet received benefits from Blue Cross as though the services had been rendered by a Non-participating Provider.

b. **Partial Claim Processing Subclass:** This subclass consists of all covered individuals who are or were covered under a "Classic Blue" plan and who submitted valid claims for processing to Blue Cross, which claims were not paid in full because the claim was processed only (and partially paid or disallowed) under the "Covered Health Care Services" portion of the contract without

being given further consideration under the "Major Medical" portion of the contract (or vice versa); as a result of which non-payment, the covered individual did not receive the full benefits to which (s)he was entitled.

c. **Deductible Subclass:** This subclass consists of all covered individuals who are or were covered by a "Classic Blue" plan who made deductible payments for services under the "Major Medical" coverage of the "Classic Blue" plan, and who were credited for amounts less than the amounts they actually paid toward their annual deductible requirements.

d. **Percentage Copayment Subclass:** This subclass consists of all covered individuals who are or were covered by HealthMate or HealthMate 2000 plans, or who participated in any "SCRIP" plan involving percentage copayments, who were required to make percentage copayments in conjunction with covered health services or prescription drug purchases where the percentage copayment was calculated as a percentage of the provider's "charge" (undiscounted price), while Blue Cross' share of the copayment was calculated from a discounted price.

c. **Modification of Relevant Time Period for Purposes of Settlement Distributions:** Both Courts note that the parties have agreed that for purposes of distributions to Class Members under the Plan of Distribution, the Relevant Time Period begins January 1, 1990, and ends early in the year 2000.

d. **Preferred RX Claims Included:** The Settlement Class Descriptions for both the Federal Case and the State Case include those claims asserted by the Class with respect to Preferred RX copay calculations.

4. The Courts find that the parties have complied with the Courts' Preliminary Approval Order dated March 23, 2005 with respect to notifying Class Members of the proposed settlement. The Courts find that the content and manner of notice by mail and publication, implementation of the toll-free number and establishment of a settlement website was reasonable and fully satisfied applicable requirements of due process. Such notice provided valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the settlement described in the Settlement Stipulation. A full opportunity has therefore been afforded to Class Members to participate in the final Fairness Hearing, and all Class Members

and other persons wishing to be heard have been heard. Accordingly, the Courts determine that all Class Members, to the extent such Members are not otherwise excluded in accordance with the Settlement Stipulation, are bound by this Final Order and Judgment.

5. The Courts further find that individual notice to all Class Members was not necessary since the settlement class was certified under Rule 23(b)(2) and because Class Member identities were unknown at the time of preliminary approval. Because this is a Rule 23(b)(2) class action, there is no right to "opt out," meaning that Class Members are automatically included in the settlement.

6. The settlement embodied in the Settlement Stipulation is, after the Fairness Hearing, determined separately by each Court to be a fair, reasonable, and adequate settlement and compromise of the Case. It is, therefore, fully, finally, and jointly approved.

7. The Courts adopt the Settlement Stipulation as their separate judgments and order that the settlement be effective, binding, implemented and enforced according to its terms and conditions.

8. Upon entry of this Order, the Release provisions set forth in paragraph 4 of the Settlement Stipulation shall be given full force and effect.

9. The Courts hereby approve and award to Class Counsel attorneys' fees of $5,670,000 (amounting to 33 1/3% of all but $500,000 of the Settlement Fund created by the settlement), plus pre-settlement costs in the amount of $421,306, both said amounts to be paid from the Settlement Fund according to the Plan of Distribution.

10. The Courts hereby approve and award to each Class Representative the sum of $25,000, to be paid out of the Settlement Fund as compensation for their time and energy in prosecuting this action. Under the unique circumstances of this case, the Courts have no

objection to Class Counsel paying up to $10,000 each to Former Plaintiffs, Mr. And Mrs. Paul Caranci (jointly), Mr. and Mrs. Scott Ehrenberg (jointly) and Ms. Karen Tancredi.

11. The Courts hereby approve the distribution of the Net Settlement Proceeds to Class Members in accordance with the Plan of Distribution. Such distributions shall be made as soon as practicable after the Distribution Date.

12. The Courts find that, in accordance with the Plan of Distribution, any residual amount of the Net Settlement Proceeds will be deposited into a Donation Fund for distribution to Rhode Island health-related organizations approved (before distribution) by the Courts.

13. Without affecting the finality of this Order and Judgment, the Courts retain jurisdiction over the settlement of the Case and may enter additional orders at any time to effectuate the fair and orderly administration of the settlement as may from time to time be appropriate.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURTS:

Dated 7/15, 2005

[signature]
The Honorable William E. Smith
United States District Court Judge

Dated ______________, 2005

[signature]
The Honorable Michael A. Silverstein
Rhode Island Superior Court Justice
7/15/05

778896_2/747-61